IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD I. LAZAR and LIGHT YEARS
AHEAD, LLC, an Oregon Corporation,

       Plaintiffs,                                  Civ. No. 6:19-cv-915-MC

      v.                                         ORDER

J.P. MORGAN CHASE BANK, N.A., a
foreign (non-Oregon incorporated) entity;
FEDEARL NATIONAL MORTGAGE
CORPORATION AS TRUSTEE FOR
FANNIE MAE REMIC TRUST 2004-53;
CLEAR RECON CORPORATION, an
Oregon corporation; and DOES 1-10,

       Defendants.

_____

**MCSHANE, Judge**:

       Two days ago, Plaintiffs moved for an emergency restraining order enjoining defendants from proceeding with a foreclosure sale of plaintiff Ronald Lazar's residence. ECF No. 13. The sale is scheduled for this coming Tuesday, August 27, 2019. Yesterday, defendants filed their opposition to the proposed temporary restraining order. ECF No. 17. Because plaintiffs

1 – OPINION AND ORDER

demonstrate no likelihood of success on the merits, and fail to establish the likelihood of irreparable harm, the motion for an emergency TRO is DENIED.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Lazar purchased the property on May 3, 2004, through a loan from Washington Mutual Bank (WaMu). Compl. ¶ 11. Lazar currently resides at the property. Compl. ¶ 2. "Plaintiff Light Years Ahead, LLC is an Oregon limited liability corporation and the rightful owner of said Property via a quitclaim deed from Plaintiff Ronald I. Lazar dated October 8, 2013." Compl. ¶ 2. "On or about September 25, 2008, WaMu 'failed' and was subjected to Receivership by the Federal Deposit Insurance Corporation (FDIC)." Compl. ¶ 13. That same day, the FDIC entered into a Purchase and Assumption Agreement (P&A) with defendant J.P. Morgan Chase Bank (JP Morgan). Compl. ¶ 14. Through this P&A, JP Morgan purchased WaMu's assets. Compl. ¶¶ 15, 19. The following day, WaMu filed for bankruptcy. Compl. ¶ 16.

The gist of Plaintiffs' argument is that: (1) WaMu securitized some loans prior to being subject to receivership; (2) four years elapsed between Lazar obtaining the loan and WaMu

going into receivership; (3) the P&A did not contain a specific listing of specific loans being transferred to JP Morgan; (4) no defendant ever provided a "Schedule of Assets purchased from the FDIC showing that" Lazar's loan was in fact part of the P&A, *see* Compl. ¶25; and (5) therefore, defendants have failed to demonstrate the loan at issue was included in the P&A and that they are in fact entitled to foreclose on the mortgage. Plaintiffs, however, fail to introduce any evidence, or even make any allegation, that they ever received any servicing-related correspondence from any other party who presumably purchased the loan from WaMu at some point between 2004 and September 24, 2008. In fact, the complaint acknowledges that JP Morgan demanded payment from Lazar to bring the loan current. Compl. ¶ 32. Absent payment, JP Morgan would file a notice of default and election to sell. Compl. ¶ 32.

Plaintiffs bring claims for declaratory relief, fraud, and for quiet title. As relevant to the request for an emergency TRO, plaintiffs allege "There is also a lack of evidence that Defendant JPM . . . ever acquired any legal or lawful interest in either the Note of the DOT." Compl. ¶ 38. Despite acknowledging (albeit, implicitly) defaulting on the loan, and despite no party other than defendants stepping forward to either seek payment or elect to foreclose, plaintiffs seek a declaration that Light Years Ahead, LLC has title to the property and no defendant has an enforceable interest in the property. Compl. ¶ 48.

First, Plaintiffs fail to demonstrate the likelihood of irreparable harm. Plaintiffs allege Light Years Ahead, LLC is "the rightful owner of said Property via a quitclaim deed from Plaintiff Ronal I. Lazar dated October 8, 2013." Compl. ¶ 2. Therefore, plaintiffs allege that Lazar no longer has any interest in the property. Although Lazar currently resides at the residence, he lacks any interest in the property (at least in relation to any foreclosure proceedings based on the deed of trust). Lacking any interest in the property, Lazar will not be harmed—in

3 – OPINION AND ORDER

the sense necessary for a TRO—by any nonjudicial foreclosure. And, at least at this stage, plaintiffs present no facts (or even allegations) demonstrating why an Oregon LLC would suffer irreparable harm from a foreclosure of property it owns. If the sale later turns out to be invalid, based on this record, the LLC could be made whole via money damages based on the value of the lost property.

Additionally, plaintiffs fail to demonstrate any likelihood of success on the merits. Plaintiffs fail to allege any actual impropriety related to the nonjudicial foreclosure. To be sure, Plaintiffs argue that "Defendants did not make Light Years Ahead, LLC a party to the foreclosure as is required by ORS 93.940." Pl. Mot., 4. ORS 93.940 applies to an "action brought by the seller to enforce or foreclose the contract," not to a nonjudicial foreclosure at issue here. Rather than a judicial foreclosure, defendants here opted for a nonjudicial foreclosure under ORS 86.752. Here, there is no allegation that defendants failed to provide the required notice under ORS 86.756 (requiring notice of sale to grantor by first class and certified mail) or 86.764 (allowing service of notice of sale upon any successor in interest by first class and certified mail). In fact, defendants submitted an exhibit tending to show they provided Light Years Ahead, LLC with proper notice for a nonjudicial foreclosure. *See* Kono Decl., Ex. 3. While ORS 93.940 may be relevant to a judicial foreclosure, it is irrelevant to the nonjudicial foreclosure set for next Tuesday.

Plaintiffs' argument that the failure to explicitly refer to Lazar's loan in the P&A dooms the nonjudicial sale at issue lacks merit. Despite alleging here that there is no evidence JP Morgan own this loan, Lazar brought an earlier action against JP Morgan where he specifically alleged "Plaintiff Lazar has a mortgage serviced by [JP Morgan] Chase." Kono Decl. Ex. 5, 18. One would imagine that plaintiffs, who are in fact represented by counsel in this action, would

4 – OPINION AND ORDER

have informed the court that Lazar previously admitted that JP Morgan serviced the mortgage at issue. If so, one would be mistaken, as only in defendants' response to this emergency motion did the Court learn of Lazar's previous admission. That admission, made back on July 24, 2012, in a fraud action challenging the (apparent) loan at issue, in a case against one of the named defendants here, is certainly relevant to plaintiffs' current allegation that there is no evidence that JP Morgan ever purchased this loan in the P&A.[1] In Oregon, the servicer of a mortgage loan may bring a nonjudicial foreclosure proceeding. ORS 86A.175(3)(e)(C). The Court will leave for another day whether (1) Plaintiffs' omission here was intentional; and (2) if so, whether the omission breached any ethical duties owed to the Court.

Additionally, Plaintiffs are unlikely to prevail on the argument that JP Morgan did not acquire the loan at issue in the P&A. As noted by the Ninth Circuit:

> Congress enacted FIRREA [i.e., the Financial Institutions Reform Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183] in an effort to prevent the collapse of the [savings and loan] industry in the late 1980s. In order to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions, FIRREA granted the FDIC, as receiver, broad powers to determine claims asserted against failed banks.

*Rundgren v. Washington Mut. Bank, FA*, 760 F.3d 1056, 1060 (9th Cir. 2014) (internal quotations and citations omitted) (second alteration in original). Further, the FDIC may merge the failed bank with another bank, or "transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment, or consent with respect to such transfer. 12 U.S.C. § 1821(d)(2)(G)(i)(I)-(II).

---

[1] In the earlier complaint, where Lazar was also represented by attorneys, Lazar specifically challenged certain billing and fee practices JP Morgan added to his loan, yet Lazar never challenged the fact that JP Morgan in fact was legally entitled to service the loan. Lazar previously alleged that JP Morgan sent him mortgage statements in 2010 and 2011, and an "Acceleration Warning" letter dated June 2, 2011. Kono Decl. Ex. 5, 18. Plaintiffs' omissions of these early allegations are, at this stage, merely troubling to the Court.

5 – OPINION AND ORDER

Plaintiffs specifically allege that the FDIC sold "a significant volume of" WaMu's assets, including loans and servicing rights, to JP Morgan. Compl. ¶ 15. Additionally, Plaintiffs allege the P&A defines loans "as loans <u>owed to or held by the Failed Bank as of the Bank Closing.</u>" Compl. ¶ 19.

Given the above, and given that Lazar previously admitted that JP Morgan serviced his loan in the years after September 2008, plaintiffs fail to demonstrate any likelihood of success on the merits of their claims that the loan at issue was not included in the P&A. Further, the complaint fails to allege any violation of Oregon's requirements for nonjudicial foreclosures. As plaintiffs fail to demonstrate the likelihood of success on the merits or the imminent threat of irreparable harm, their motion for an emergency TRO is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of August, 2019.

                                                  _____/s/ Michael McShane_____
                                                      **Michael J. McShane**
                                              **United States District Judge**