IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD I. LAZAR and
LIGHT YEARS AHEAD, LLC,

        Plaintiffs,

v.

J.P. MORGAN CHASE BANK N.A.;
FEDERAL NATIONAL MORTGAGE
CORPORATION AS TRUSTEE FOR
FANNIE MAE REMI TRUST 2004-53;
CLEAR RECON CORPORATION; and
DOES 1-10,

        Defendants.

_____

Case. No. 6:19-cv-00915-MC

ORDER

MCSHANE, Judge:

Plaintiffs Ronald Lazar and Light Years Ahead, LLC, brought this action alleging that Defendants had improperly initiated foreclosure proceedings. Defendants have filed a motion to dismiss and Plaintiffs, despite deadlines set by the Court, have failed to respond. *See* ECF No. 28; ECF No. 36; ECF No. 37; ECF No. 39. Because of Plaintiffs failure to prosecute and comply with court orders, the case is DISMISSED with prejudice.

## **DISCUSSION**

Failure to prosecute and failure to comply with a court order may lead to dismissal with prejudice. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Defendant J.P. Morgan Chase Bank, N.A., moved to dismiss the case on October 4, 2019. 13 days later, Plaintiffs' counsel filed an Amended Motion to Withdraw as Counsel. ECF No. 33. 14 days after J.P. Morgan moved to

dismiss this case, Plaintiffs moved for a time extension to respond. ECF No. 34. The Court granted Plaintiffs' Amended Motion to Withdraw and Motion for Extension of Time. ECF No. 36. In that order, the Court noted:

> Plaintiffs have until 11/1/2019 to respond to Defendant's Motion to Dismiss [ECF No. 28]. Of note, while Mr. Lazar may proceed *pro se*, Light Years Ahead, LLC, may not proceed *pro se*. *Reading Intern, Inc., v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). *Failure to respond to the Motion to Dismiss may result in dismissal, with prejudice*. Plaintiff may Move for an Extension of Time if unable to obtain counsel by 11/1/2019.

ECF No. 36 (emphasis added). 20 days after Plaintiffs deadline to respond to the J.P. Morgan's motion to dismiss, the Court issued an Order to Show Cause. ECF No. 37. Plaintiffs had until December 5, 2019 to inform the Court why the action should not be dismissed for failure to prosecute and failure to comply with a court order. Simultaneously, Defendant Recon Corporation also moved to dismiss the pending action. ECF No. 39. More than 95 days have passed since J.P. Morgan moved to dismiss this case and Plaintiffs have failed to respond to either motion or comply with the Court's orders.

When deciding whether to dismiss a case sua sponte for failure to prosecute or failure to comply with a court order, the Court balances five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.2d at 1261.

The first factor is "the public's interest in expeditious resolution of litigation [and it] always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Because Plaintiffs

have failed to pursue this case or respond to court orders over multiple months, this factor weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

Turning to the second factor, the Court must manage its docket and "the trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* (citing *Yourish*, 191 F.3d at 990). The Court has spent time on this case when it could have focused on other cases. It is "incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Mr. Lazar and Light Years Ahead]." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Thus, this factor also weighs in favor of dismissal.

The third factor is the risk of prejudice to Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Here, Defendants have moved to dismiss this action for failure to state a claim and Plaintiffs' inaction has led to the case becoming stagnant. *See* ECF No. 28; ECF No. 39. Because this inaction has impaired Defendants' ability to proceed to trial and has interfered with the rightful decision of the case, this factor weighs in favor of dismissal.

For the fourth factor, if the Court tries or offers less drastic alternatives before dismissing a case, this factor will weigh in favor of dismissal. *Ferdik*, 963 F.2d at 1261–62. As discussed, the Court has warned Plaintiffs that failure to prosecute or respond to a court order will lead to dismissal. *See* ECF No. 36; ECF No. 37. Accordingly, the Court finds that this factor also weighs in favor of dismissal. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th

Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." (internal quotations and citations omitted)).

The fifth and final factor is the fact that public policy favors disposition of cases on the merits. Accordingly, "this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

## CONCLUSION

Because four out of five factors weigh in favor of dismissal, this action is DISMISSED with prejudice.


IT IS SO ORDERED.

DATED this 16th day of January, 2020.

                                                /s/ Michael McShane  
                                                     Michael McShane  
                                           United States District Judge